UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY RALPH SPADA,

    Petitioner,

v.                                                    CASE NO. 6:05-cv-004-Orl-31DAB
                                                         (6:03-cr-168-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Anthony Ralph Spada (Doc. No. 1). The Government filed a timely response to the motion (Doc. No. 4). Petitioner filed several replies (Doc. Nos. 5, 10, 15) to the Government's arguments.

*Procedural History*

Petitioner and co-defendant Scott Thompson were indicted for conspiracy to possess with intent to distribute gamma-hydroxybutyric acid (GHB) (count one) and possession with intent to distribute GHB (count two). (Criminal Case No. 6:03-cr-168-Orl-31DAB, Doc. No. 1, filed July 30, 2003).[1] On October 3, 2003, pursuant to a written plea agreement (Criminal Case Doc. No. 38), Petitioner entered a plea of guilty to count one of the indictment before United States Magistrate Judge David A. Baker. *See* Criminal Case Doc. No. 40. Magistrate Judge Baker entered a report and recommendation recommending that the guilty plea be accepted and that Petitioner be adjudged guilty

---

[1] Hereinafter Criminal Case No. 6:03-cr-168-Orl-31DAB will be referred to as "Criminal Case."

and have sentence imposed accordingly (Criminal Case Doc. No. 40). The district court accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case Doc. No. 46). A sentencing hearing was conducted, and, on January 6, 2004, the district court entered a Judgment in a Criminal Case, sentencing Petitioner to a 27 month term of imprisonment (Criminal Case Doc. No. 53). Petitioner did not file a direct appeal of his conviction or sentence.

*Petitioner's Claim*

Petitioner sets forth one claim, articulated as follows: "[t]he facts supporting the enhancement to the sentence imposed on the Defendant were neither admitted by the Defendant in his plea nor found by a jury and the sentence thereby violated the Defendant's Sixth Amendment right to trial by jury as recently set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. ___, L ED 2d 403 [sic] (2004)." Petitioner complains that his sentence was enhanced based on a finding of reckless endangerment during flight that was neither admitted by him nor found by a jury.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the United States Supreme Court applied the rule set out in *Apprendi*[2] and held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id*. at 303-04. Therefore, the statutory maximum is the maximum that may imposed based solely on the jury's verdict or the defendant's plea without finding any additional facts. *Id*.

---

[2]*Apprendi* holds that any fact, other than that of a prior conviction, which increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.

Since the filing of Petitioner's motion to amend, the United States Supreme Court has determined that *Blakely* applies to the Federal Sentencing Guidelines, under which Petitioner was sentenced. *United States v. Booker*, 125 S. Ct. 738, 746 (2005). However, the Eleventh Circuit Court of Appeals has since determined that *Booker* does not apply retroactively to cases, such as the instant case, that are on collateral review. *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."). Consequently, Petitioner is not entitled to pursue such claims on collateral review, and his § 2255 motion must be denied.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Anthony Ralph Spada (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

---

[3]To the extent that Petitioner contends that counsel should have raised *Apprendi* and *Blakely* at sentencing, this claim must also fail. As set forth in footnote 2, in *Apprendi* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Since he was not sentenced beyond the statutory maximum sentence, *Apprendi* was inapplicable at the time of Petitioner's sentencing. *United States v. Culpepper*, No. 04-16162, 2005 WL 3249679, *1, n.1 (11th Cir. December 2, 2005) (finding that since the defendant was "sentenced below the 20-year statutory maximum sentence permitted under § 841(b)(1)(C)'s 'catchall provision': no *Apprendi* violation occurred"). *Blakely* was not decided until June of 2004, five months after Petitioner was sentenced. Consequently, Petitioner has not shown deficient performance on the part of counsel or that he sustained any prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 56) pending in case number 6:03-cr-168-Orl-31DAB.

**DONE AND ORDERED** at Orlando, Florida, this 7th day of December, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 12/7
Anthony Ralph Spada
Counsel of Record